P. B. T. WILLIAMS *v.* UNITED STATES (No. 3933)[1]

---

[1] T. D. 48194.

United States Court of Customs and Patent Appeals, February 24, 1936

*Tompkins & Tompkins* (*Allerton deC. Tompkins of counsel*) for appellant.
*Joseph R. Jackson*, Assistant Attorney General (*Webster J. Oliver*, special attorney, of counsel), for the United States.

[Oral argument February 3, 1936, by Mr. Tompkins and Mr. Jackson]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The appellant has here appealed from the judgment of the United States Customs Court, First Division, which overruled appellant's protests against the classification and assessment with duty at 1 cent each and 50 per centum ad valorem under paragraph 1506, Tariff Act of 1930, of certain so-called neck dusters. The merchandise was classified by the collector as "other toilet brushes" under paragraph 1506, the pertinent parts of which we have marked as [a] and [b] and which follow:

PAR. 1506. * * * [a] other tooth brushes and *other toilet brushes, 1 cent each and 50 per centum ad valorem;* [b] *all other brushes, not specially provided for, 50 per centum ad valorem* * * *. (Italics ours.)

In the protests the importer claimed that the merchandise was dutiable at only 50 per centum ad valorem under that portion of said paragraph 1506 which provides for "all other brushes, not specially provided for."

The brushes or dusters involved are identical with the merchandise at bar in the case of *United States* v. *P. B. T. Williams*, 21 C. C. P. A. (Customs) 243, T. D. 46776. They are larger than the ordinary lather shaving brush but have much the same general appearance, the bristles or hair being quite flexible and about three and one-half inches in length.

The issues in this case are identical with the issues in the *Williams* case, *supra*, and the same parties here were parties there. The record in the former case was incorporated with the record in the instant case. Appellant also in the instant record has introduced additional testimony which includes that of the appellant, who testified in the former case, and also the testimony of eight other witnesses. The Government in the instant case has also introduced the testimony of three witnesses. In the former case it introduced no testimony.

It is the contention of the importer here, as it was his contention in the previous case, that the brushes at bar are not toilet brushes in the common meaning or in the sense in which the term is understood in the trade for the reason that toilet brushes are only those which are used by the individual in making his own toilet and that the term does not include brushes used in barber shops and beauty parlors where the brush is used by the "artisan" in making the toilet of the customer.

The trial court in its decision, after pointing out that this court in the above-entitled *Williams* case disagreed with the same contentions made there by the appellant and reversed the trial court's judgment, concluded that in order that the appellant in the instant case avoid the effect of our said decision it was necessary for him to establish that the commercial meaning of the term "toilet brushes" differs from the common meaning. It held that the evidence in the case at bar was contradictory and that commercial designation had not been established.

Appellant in this court does not contend that there is any difference between the common meaning and the commercial meaning of the term "toilet brushes" but states that the record shows that in the trade these brushes are not sold or regarded as toilet brushes. There is no contention here on the part of the appellant that the new record establishes a commercial meaning different from the common meaning of the term, and we are certain the record affords no basis for such a contention. As we understand the contentions of appellant, they are to the effect that, in view of the new and fuller record, this court should reconsider its former decision and hold that the term "toilet brushes", as used in the statute, does not embrace the articles at bar.

Some of appellant's witnesses were asked if a shoe brush used by a bootblack was a toilet brush and they answered that it was, and that a hair brush used in a barber shop was also a toilet brush, and that a

nail brush, though used by an "artisan" upon the nails of others, was a toilet brush. Appellant and his witnesses differentiated between this character of brush and the brushes at bar by the fact that, according to their contentions, the record shows that the neck dusters at bar are never used by one in making his own toilet but are always used by the "artisan".

In *United States* v. *P. B. T. Williams, supra,* we said:

We do not regard as tenable the suggestion that because the neck dusters are not ordinarily used by individuals upon themselves they are not toilet brushes. To so hold would imply that only such articles as are personally used or manipulated by one in making his or her toilet are toilet articles. This we cannot regard as a sound rule. It is not sanctioned by common usage and popular understanding. For example, a shaving brush, or a hair brush, in the hands of a barber is quite as much a toilet brush there as it is in the hands of the person who shaves himself or brushes his own hair. The ultimate end to be accomplished in the use of the brush is the same no matter by whom used, and that end is a toilet end, as the term "toilet" is popularly understood and as it is defined by the standard authorities cited.

Upon the whole, we are of the opinion that, in view of the almost exclusive use of them shown by the record, the most reasonable and natural classification of the neck dusters involved is that of toilet brushes. We find nothing in the testimony which justifies any finding of a commercial designation different from common meaning.

The record shows that these brushes are not sold as toilet brushes. The term "toilet brushes" obviously is broad enough to include many different kinds of brushes and the fact that in the sale of a neck duster or neck brush it is not specifically referred to as a toilet brush is of no controlling significance here. *United States* v. *Wilfred Schade & Co.,* 16 Ct. Cust. Appls. 366, T. D. 43092; *United States* v. *Schoemann & Mayer,* 17 C. C. P. A. (Customs) 349, T. D. 43778.

If appellant is right in his contention that whether or not a given brush is a toilet brush depends upon the user and not upon its use, we think the classification, for customs duty purposes, of several different kinds of imported brushes would, in the future, be involved in much doubt and uncertainty. If appellant's postulation of the law is sound, it would seem to follow that if it could be proven that the chief use of hair brushes was by "artisans" and not by the individual on his own hair, it would be necessary to hold that hair brushes, although generally considered to be toilet brushes, were not toilet brushes for tariff purposes. The same would be true of nail brushes and a number of other brushes which are used by individuals in making their own toilet.

The dictionaries do not contain any definition of the term "toilet brushes". There are several different definitions given for the word "toilet". From all the authorities it appears that as the word "toilet" is used in the statute involved it refers to brushes used in the act or process of dressing. The word "toilet" relates to the attire; dress. The word "toilet" is also defined as referring to the several articles

collectively used in making one's toilet. See Funk and Wagnalls New Standard Dictionary and Webster's New International Dictionary.

Congress, it would seem, intended to have classified under the term "other toilet brushes", brushes which were chiefly used in making the toilet, and there is nothing in the language used to suggest that Congress by the use of the term intended to distinguish between so-called industrial brushes used by an "artisan" and brushes used for the same purpose by the individual whose toilet was being made. It is not disputed that the barber in brushing the hair from the neck, face and clothes from one who is having his hair trimmed, is performing a toilet operation, and in our view the fact, if it be a fact, that the neck dusters are not used by an individual who makes his own toilet, is unimportant.

We have carefully considered all the testimony in the record and the extended and earnest argument of appellant's counsel, with the result that we are reaffirmed in the correctness of our conclusion in *United States* v. *P. B. T. Williams, supra.* We, therefore, hold that the trial court, in the instant case, properly overruled appellant's protests.

The judgment of the United States Customs Court is *affirmed.*